United States District Court
Southern District of Texas
**ENTERED**
August 12, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| NORMA HINOJOSA HERRERA § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION 3:15-CV-00357 |
| § | |
| CARNIVAL CORPORATION § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

On August 10, 2013, Norma Herrera, a Texas resident, went online and electronically purchased two tickets for a seven-day cruise aboard Carnival's *M/V Carnival Magic*, which was scheduled to depart from Galveston, Texas on December 29, 2013. Carnival subsequently sent a "confirmation email" to Herrera, providing a link to Carnival's electronic Cruise Manager system, and alerting Herrera that her purchase was subject to the terms and conditions of Carnival's Cruise Ticket Contract found on Carnival's website. On December 17, 2013, Herrera electronically acknowledged receipt of the terms and conditions, and on December 29, 2013, she set sail with her husband from Galveston. Two days later, while aboard the *Carnival Magic*, Herrera fell and was seriously injured.

On December 28, 2015, she filed this lawsuit against Carnival. Carnival answered and then moved to transfer this lawsuit to either the United States District Court for the

Southern District of Florida or a Florida state court.[1] Carnival's motion argued that, through the process of electronically purchasing, then again electronically confirming her tickets, and then actually boarding the *Carnival Magic* and beginning her voyage, Hererra had bound herself to a Ticket Contract and its forum selection clause requiring that "all disputes and matters whatsoever arising under, in connection with or incident to this Contract or the Guest's cruise, including travel to and from the vessel, shall be litigated, if at all, before the United States District Court for the Southern District of Florida in Miami, or as to those lawsuits to which the Federal Courts of the United States lack subject matter jurisdiction, before a court located in Miami-Dade County, Florida, U.S.A. to the exclusion of the Courts of any other county, state or country."

Herrera responds that she should not be held to the forum selection clause, and the case should not be transferred to Florida, because she was under a disability at the time she entered into the contract and embarked on the voyage. She therefore contends that "no contract was ever formed between the Plaintiff and Defendant due to her lack of capacity at the time of formation," and that "forum selection clause of the Cruise Ticket Contract is not enforceable, as enforcement of the forum selection clause would be unreasonable or unjust and contravenes a strong public policy regarding persons with disabilities."

---

[1] After Carnival's motion to transfer was filed, the Court held a telephone conference and then set a briefing schedule on the motion. (Dkt. 10). Herrera filed an opposed motion for extension of time (Dkt. 11), and then sought leave to file a brief in excess of the Court's page limitations. (Dkt. 13). Herrera then also filed her response to Carnival's motion to transfer venue, (Dkt. 14), as well as a sur-reply (Dkt. 19). The Court held a hearing on the motions to extend time and exceed page limits, also addressing the merits of Herrera's opposition to the motion to transfer venue. (Dkt. 24).

## ANALYSIS

The parties agree that 28 U.S.C. § 1404(a) is the governing statute, and that the United States Supreme Court has directed a district court to transfer the case when a defendant files a motion to transfer venue pursuant to 28 U.S.C. § 1404(a), "unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, — U.S. — —, 134 S.Ct. 568, 576, 187 L.Ed.2d 487 (2013). Under *Atlantic Marine*, a valid forum selection clause controls "[i]n all but the most unusual cases." *Id.* at 582-83. ("Although it is 'conceivable in a particular case' that the district court 'would refuse to transfer a case notwithstanding the counterweight of a forum selection clause,' . . . , such cases will not be common.").

The Fifth Circuit has recently re-affirmed that a party attacking a forum selection clause may overcome *Atlantic Marine's* presumption of enforceability only upon a showing that the clause is "'unreasonable under the circumstances' because (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state." *Barnett v. DynCorp Int'l, L.L.C.*, 15-10757, 2016 WL 4010440, at *3 (5th Cir. July 26, 2016) (citing *Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir. 1997); *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595, 111 S.Ct.

1522, 113 L.Ed.2d 622 (1991); and *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12–13, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)).

Herrera seeks to avoid this presumption by instead attacking the very formation and validity of the contract. She first contends that her past medical condition—*i.e.*, her condition at the time she purchased the cruise ticket and went on the cruise voyage—was so compromised that she lacked mental capacity to enter into a binding contract.[2] Next, Herrera contends that, even if the forum selection clause is contractually valid, this Court should decline to enforce it because "extraordinary circumstances" exist. Herrera contends her current medical condition is so delicate that travel to Florida would pose a "grave inconvenience or unfairness" and that transferring this case to Florida would "for all practical purposes [] deprive [her] of [her] day in court." Similarly, she contends that the forum selection clause should not be enforced because "enforcement of the forum selection clause would contravene a strong public policy of the forum state."

### A. Issues of Contract Formation and Validity

The Court first addresses Herrera's argument that the forum selection clause is void because she lacked the mental capacity to enter into a binding contract in August and December 2013. Herrera contends that the general maritime law, and the Second Restatement of Contracts, governs this Court's analysis of contract formation. Carnival

---

[2] Herrera's 29-page response contains two additional reasons why the forum selection clause is not valid: (1) Carnival's booking process is "unconscionable" and (2) unilateral mistake. Neither of these assertions is supported by any argument or citation to legal authority. To the extent the Court is required to address these arguments, the Court finds that Herrera has failed to establish that the booking process was unconscionable or that unilateral mistake should invalidate the contract at issue in this case.

does not dispute that the Second Restatement provides the governing legal framework in this case. Instead, Carnival argues that, even under the Restatement, the Court must find that the forum selection clause is legally valid.[3] The Court agrees with Carnival.

Section 15 of the Second Restatement states, "[a] person incurs only voidable contractual duties by entering into a transaction if, by reason of mental illness or defect, [s]he is unable to understand in a reasonable manner the nature and consequences of the transaction." RESTATEMENT (SECOND) OF CONTRACTS, § 15(1) (1981). In demonstrating such an inability, "[t]he party asserting incompetence must prove that status at the time of the disputed transaction, ... an extremely heavy [burden]." *Lopez v. Kempthorne*, No. H-07-1534, 2010 WL 4639046, at *3 (S.D. Tex. Nov. 5, 2010) (citing *Reid v. IBM Corp.*, No. Civ. A. 95–1755, 1997 WL 357969, *8 (S.D.N.Y. June 26, 1997)).

To show that she lacked capacity at the time she purchased the tickets, Herrera presents the affidavit of her husband, Richard Herrera. This affidavit is dated March 18, 2016. Mr. Herrera affirms that his wife was previously diagnosed with Multiple Sclerosis and Rheumatoid Arthritis, that she receives both Social Security Disability and Medicare benefits, and that he helps care for her personally and has "observed her experience symptoms that affect her daily quality of life, including periods of time where she experienced memory loss and trouble reading and spelling words." He also states that

---

[3] The Court therefore does not face the same analytical hurdles encountered by the Fifth Circuit in *Barnett v. DynCorp Int'l, L.L.C.*, 15-10757, 2016 WL 4010440, at *3 (5th Cir. July 26, 2016), where the plaintiff insisted that the "validity" of a forum selection clause under state law must be scrutinized separate from, and prior to, any federal-law analysis of "enforceability" or the application of *Atlantic Marine*, but the defendant countered that validity "is just part of the federal law of enforceability, which heavily favors forum-selection clauses." As the Fifth Circuit noted, the analysis in *Atlantic Marine* "presuppose[d] a contractually valid forum-selection clause." 134 S. Ct. 568, 581 n.5.

she "takes various prescription medications due to Rheumatoid Arthritis and Multiple Sclerosis," and experiences side effects including "headaches, dizziness, drowsiness and blurred vision." Finally, he states that, in July 2013, she underwent foot surgery and took prescription pain medications "for several months after the surgery."

Herrera also submitted a substantial number of medical records from the weeks after her accident. She did not, however, submit her own affidavit. Nor did she submit medical records regarding her medical condition and alleged lack of capacity prior to boarding the M/V *Carnival Magic*. Similarly, she did not submit any expert opinions to substantiate her claims. Other than her husband's general statements, there is no evidence regarding Herrera's physical and mental condition in August or mid-December 2013. Nor is Mr. Herrera's affidavit sufficient—although he states that his wife had been diagnosed with medical conditions, received disability benefits, experienced periods of "memory loss and trouble reading and spelling words," suffered medication side effects during certain times, and that she was given pain medication in June 2013 for an undetermined period of time, his affidavit does not state that she experienced any such periods of memory loss, "trouble reading," or medication side effects on the particular days that she purchased the cruise tickets, confirmed the cruise ticket, or boarded the *Carnival Magic*. Such general averments are not sufficient here.[4]

Further, the Court notes that there are several notations in the medical records of Herrera's treatment after her fall onboard the *Carnival Magic* affirming that she was, at

---

[4] Although Herrera contends that she needs additional time to seek discovery, she has not explained why she has not produced evidence of her own medical condition or her own medical records for the dates in question.

6

least at those times, "alert and oriented," (Dkt.14-5, pg. 2), with a "nml" mood, (Dkt. 14-5, pg. 5), and that she was able to discuss and understand the risks, benefits and complications of surgery to treat her injuries (Dkt. 14-5, pg. 14), as well as to discuss and decline proposed changes to her routine medications (Dkt. 14-5, pg. 19).

Accordingly, the Court finds that Hererra has not shown that, on the relevant dates in this case, she suffered from any mental illness or defect that prevented her from being able to understand, in a reasonable manner, the nature and consequences of her transaction.

### B. Extraordinary Circumstances under *Atlantic Marine*

Next, the Court turns to whether there are "extraordinary circumstances" that would justify declining to enforce the forum selection clause.

Herrera first argues that transfer to Florida would be unjust because of the difficulties she would encounter in travelling to Florida, and these difficulties mean that she "will for all practical purposes be deprived of [her] day in court' because of the grave inconvenience or unfairness of the selected forum." She relies on *Walker v. Carnival Cruise Lines*, 107 F. Supp. 2d 1135 (N.D. Cal. 2000), in which plaintiffs sued Carnival under the ADA for failing to provide accessible accommodations. Carnival in turn moved to dismiss the suit entirely, contending that the forum selection clause in the ticket contract mandated dismissal of the case under Federal Rule 12(b).[5] Although the court found the clause was valid, it declined to enforce the clause and refused to dismiss the

---

[5] *Walker* was well decided before *Atlantic Marine*, and it does not apply precisely the same Section 1404(a) framework that this Court is bound to apply to forum selection clauses.

case finding instead the "physical disabilities and economic constraints are so severe that, in combination, they would preclude plaintiffs from having their day in court and, second, the fact that plaintiffs are seeking to vindicate important civil rights." 107 F. Supp. 2d at 1138. Notably, the *Walker* decision takes great pains to discuss the mileage at issue, the limited travel accommodations for the plaintiffs on airplanes and by rail, and the economic costs, contrasting these considerations against the very specific physical and economic constraints of each the plaintiffs, devoting several paragraphs and no less than 500 words to the physical constraints, particularly the uncontested bladder and bowel incontinence and previous problems these plaintiffs had encountered during cross-country travel. Because both she and one of the Walker plaintiffs suffer from multiple sclerosis, Herrera contends that *Walker* is a "nearly identical set of facts" to her case. Respectfully, it is not. The Court is not unsympathetic to Herrera's physical condition and the problems posed by her diagnosis. However, as discussed above, the record she presents is wholly inadequate to shoulder the burden that she faces. Based on the record before it, the Court finds that Herrera has not shown that transfer to Florida would mean that she would be, for all practical purposes be deprived of her day in court because of the grave inconvenience or unfairness of the selected forum.

Next, Herrera argues that enforcement of the forum selection clause would violate the public policy of the state of Texas. Again, in this argument, she relies upon *Walker*. In *Walker*, the court found that "that enforcing defendants' forum selection clause, under the circumstances presented here, would contravene the strong national policy of eradicating disability discrimination and promoting full and equal access to the legal

8

system for civil rights plaintiffs." 107 F. Supp. 2d at 1143.  Here, Herrera argues that the electronic booking process Carnival uses violated the Americans with Disabilities Act, and the Court should decline to transfer the case on this basis.

Although Herrera's arguments against transfer do hinge upon the alleged mental impairments that are caused by her diagnosed Multiple Sclerosis and Rheumatoid Arthritis, this is not a civil rights lawsuit. This is a personal injury suit for damages, alleging liability under the theory of premises liability because Herrera slipped and fell while aboard the *M/V Carnival Magic*.  In fact, the only physical disability Herrera refers to in her complaint is her allegation that, as a result of her fall, now she "has lost the power to move from place to place" and that "[i]n all reasonable probability, this disability will cause her to suffer long into the future, if not for the balance of her natural life, all to the damage in an amount that is within the jurisdictional limits of this Court for which she now sues." Based on the record before it, the Court finds that Herrera has not shown that transfer to Florida would "contravene a strong public policy of the forum state."

## CONCLUSION

Based on the pleadings, the motions and briefing, the arguments of counsel, the evidence presented, and the governing case law, the Court finds that Carnival's motion to transfer this case should be **GRANTED**, and that this action should be **TRANSFERRED** to the United States District Court for the Southern District of Florida, Miami Division.

Further, the Court hereby:

**GRANTS** Plaintiff's Motion for Leave to Exceed Page Limitations (Dkt. 13);

**DENIES** Plaintiff's Motion for Extension of Time to Respond to Defendant's Motion to Transfer Venue (Dkt. 11); and

**DENIES** Defendant's Motion to Strike Plaintiff's Sur-Reply (Dkt. 20).

SIGNED at Galveston, Texas on August 12, 2016.

_George C. Hanks_
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE